FILED
United States Court of Appeals
Tenth Circuit

December 15, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD PHILLIPS,

        Plaintiff-Appellee,

v.

JOHN DALE, in his individual
capacity,

        Defendant-Appellant,

    and

JEFFERSON COUNTY BOARD
OF COUNTY COMMISSIONERS,
of the County of Jefferson State of
Oklahoma,

        Defendant.

No. 09-6093
(D.C. No. 5:07-CV-00668-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Richard Phillips filed a 42 U.S.C. § 1983 action against John Dale, alleging that Mr. Dale terminated his employment in violation of his First Amendment right to free speech.[1] Mr. Dale moved for summary judgment on the merits of Mr. Phillips' claim, arguing that Mr. Phillips could not meet his burden of establishing a prima facie case of retaliation for exercising his First Amendment rights. Alternatively, Mr. Dale asserted that he was entitled to summary judgment on Mr. Phillips' claim based on qualified immunity. The district court denied Mr. Dale's motion, concluding that there were genuine issues of material fact in dispute that precluded summary judgment in his favor. Mr. Dale filed an interlocutory appeal from the district court's denial of his motion for summary judgment on the basis of qualified immunity.[2] We conclude that we lack jurisdiction over this interlocutory appeal and therefore the appeal must be dismissed.

---

[1]     Mr. Phillips filed the complaint with another plaintiff, James Underwood, but Mr. Underwood's claims were handled separately by the district court and are not at issue in this appeal.

[2]     Mr. Phillips' complaint also included state law claims against Mr. Dale and claims against the Board of County Commissioners for Jefferson County. The district court granted summary judgment in favor of Mr. Dale on the state law claims and granted in part and denied in part the Board's motion for summary judgment on Mr. Phillips' claims. Those portions of the district court's decision are not at issue in this appeal.

# I. BACKGROUND

Mr. Dale was the District 3 County Commissioner for Jefferson County, Oklahoma. He hired Mr. Phillips as a road foreman in July 2001. Mr. Phillips remained in that position until Mr. Dale demoted him in September 2006. Subsequently, Mr. Dale terminated him on November 16, 2006. According to Mr. Dale, he terminated Mr. Phillips because Mr. Phillips asked a non-county mechanic to perform certain repairs on a Jefferson county truck without prior approval. Mr. Phillips denied that he did so and argued that the true reason for his termination was retaliation for publicly criticizing Mr. Dale. Specifically, Mr. Phillips alleged that he reported Mr. Dale's improper treatment of a Department of Corrections inmate assigned to work on the District 3 road crew; and he told people in the community that Mr. Dale misused county funds and resources. Mr. Phillips asserted that he repeated these statements during his July 2006 campaign to replace Mr. Dale as District 3 County Commissioner. Mr. Phillips was not elected, but because Mr. Dale's term as County Commissioner did not expire until the end of 2006, he remained Mr. Phillips' supervisor until he terminated Mr. Phillips in November 2006.

Mr. Phillips filed a § 1983 complaint, alleging that Mr. Dale demoted him and ultimately terminated him in retaliation for exercising his First Amendment right to freedom of speech. Mr. Dale moved for summary judgment arguing that, as a matter of law, he had not violated Mr. Phillips' constitutional rights.

Alternatively, he asserted that, even if he had violated Mr. Phillips' rights, the law was not clearly established with respect to those rights and he was therefore entitled to qualified immunity.

Mr. Phillips argued in response that there were material issues of fact in dispute and, drawing all reasonable inferences in his favor, sufficient evidence existed from which a jury could infer that Mr. Dale terminated him in retaliation for exercising his First Amendment rights. As to the qualified immunity issue, Mr. Phillips incorporated his First Amendment argument, asserted that the right at issue was clearly established, and argued therefore that Mr. Dale was not entitled to qualified immunity.

The district court first considered whether Mr. Phillips could establish a prima facie case that his First Amendment rights were violated, applying the five prong *Garcetti/Pickering* analysis.[3] Viewing the evidence in the light most favorable to Mr. Phillips, the court ultimately determined that summary judgment was not proper because (a) there were issues of fact in dispute, (b) there were credibility issues for the jury to decide, and (c) Mr. Phillips had presented sufficient evidence to survive summary judgment. The district court then stated:

---

[3]     We adopted the "*Garcetti/Pickering* analysis" in *Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F.3d 1192, 1202-03 (10th Cir. 2007), which reflects the combined reasoning of two Supreme Court cases: *Pickering v. Board of Education*, 391 U.S. 563 (1968), and *Garcetti v. Ceballos*, 126 S. Ct. 1951 (2006).

"With regard to [Mr.] Dale's qualified immunity argument, material fact issues also preclude summary judgment. [Mr.] Dale's argument focuses on the contention that [Mr.] Phillips cannot, as a matter of law, show that a constitutional violation occurred. Because the court has concluded that material fact disputes preclude that finding, [this] alternative argument fails." Aplt. App. at 400-01. Mr. Dale then filed this interlocutory appeal challenging the district court's denial of his request for qualified immunity.

## II. DISCUSSION

"[O]rders denying summary judgment are ordinarily not appealable," but we may take "interlocutory jurisdiction over denials of qualified immunity at the summary judgment stage to the extent that they turn on an issue of law." *Fogarty v. Gallegos*, 523 F.3d 1147, 1153 (10th Cir. 2008) (quotation and alteration omitted). We may not take jurisdiction at the interlocutory stage, however, over appeals that challenge the district court's factual conclusions. *Id*. at 1154 ("[W]e are not at liberty to review a district court's factual conclusions, such as the existence of a genuine issue of material fact for a jury to decide, or that a plaintiff's evidence is sufficient to support a particular factual inference.").

Mr. Dale argues that the district court erred in denying him qualified immunity because Mr. Phillips cannot, as a matter of law, show that a constitutional violation occurred. Specifically, he argues that the district court did not correctly apply the five-prong *Garcetti/Pickering* analysis because

-5-

Mr. Phillips' speech was made in the course of his official duties; Mr. Phillips' speech did not involve a matter of public concern; and Mr. Phillips' alleged comments were not a substantial or motivating factor in Mr. Dale's decision to terminate Mr. Phillips.

In response, Mr. Phillips asserts the district court "concluded that a material factual dispute existed in the instant case, precluding summary judgment and an exact determination of whether or not Defendant was entitled to qualified immunity," Aplee. Br. at 5; and this court "'lack[s] jurisdiction to review a denial of summary judgment based on qualified immunity if the claim on appeal is based on disputed facts,'" *id*. at 3 (quoting *Rosewood Servs. v. Sunflower Diversified Servs., Inc.*, 413 F.3d 1163, 1165 (10th Cir. 2005)).

We agree with Mr. Phillips' assertion that we lack jurisdiction over this appeal. Although Mr. Dale tries to frame his appeal as a challenge to the district court's application of the *Garcetti/Pickering* analysis, what he is really challenging is the sufficiency of the evidence underlying the district court's analysis. *See* Aplt. Br. at 21, 24-25, 26-27. Moreover, the district court did not reach an ultimate legal determination on the question of whether Mr. Phillips' constitutional rights were violated. Rather, the district court concluded that disputed issues of fact precluded a legal determination on that question, and that Mr. Phillips had presented sufficient evidence to reach a jury on his First Amendment claim. Because of this factual determination, the court further

concluded that Mr. Dale was not entitled to summary judgment on his qualified immunity defense. Mr. Dale's appeal ultimately seeks to challenge the district court's factual conclusions, including that there was sufficient evidence for Mr. Phillips to survive summary judgment; accordingly, we lack jurisdiction to review his appeal at this interlocutory stage. *See Fogarty*, 523 F.3d at 1154; *Rosewood*, 413 F.3d at 1165; *Garrett v. Stratman*, 254 F.3d 946, 952 (10th Cir. 2001) ("We must scrupulously avoid second-guessing the district court's determinations regarding whether [a plaintiff] has presented evidence sufficient to survive summary judgment." (quotation omitted)).

## III. CONCLUSION

We DISMISS Mr. Dale's interlocutory appeal for lack of jurisdiction and REMAND to the district court for further proceedings.

Entered for the Court

Jerome A. Holmes
Circuit Judge